**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*André M. Espinosa*
*Assistant United States Attorney*
AME/PL AGR
2009R00243

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973.645.2915*
*FAX 973.645.3497*

November 16, 2009

Timothy M. Donohue
Arleo Donohue & Biancamano, LLC
622 Eagle Rock Avenue
West Orange, NJ 07052

Re: <u>Plea Agreement with Keith Smith</u>

Dear Mr. Donohue:

This letter sets forth the plea agreement between your client, Keith Smith and the United States Attorney for the District of New Jersey ("this Office"). The terms of this letter supercede the terms contained in any prior letters from this office. This offer will expire on December 10, 2009.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Keith Smith to a one-count information, which charges him with conspiracy to commit fraud in connection with access devices, contrary to 18 U.S.C. § 1029(a)(5), in violation of 18 U.S.C. § 1029(b)(2). If Keith Smith enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Keith Smith for his participation in a conspiracy to knowingly and intentionally effect transactions with the intent to defraud, with one or more access devices issued to another person or persons, to receive payment of more than $400,000 during the period between in or about March 2008 through in or about October 2008. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Keith Smith agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Keith Smith may be commenced against him, notwithstanding the expiration of the limitations period after Keith Smith signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1029(b)(2) to which Keith Smith agrees to plead guilty carries a statutory maximum penalty of 7 years and six months' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Keith Smith is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the statutory maximum fine. This Office cannot and does not make any representation or promise as to what Guideline range may be found by the sentencing judge, or as to what sentence Keith Smith ultimately will receive.

Further, in addition to imposing any other penalty on Keith Smith, the sentencing judge: (1) will order Keith Smith to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Keith Smith to pay restitution pursuant to 18 U.S.C. § 2259; (3) may order Keith Smith, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require Keith Smith to serve a term of supervised release of not more than 3 years which will begin at the expiration of any term of imprisonment imposed. Should Keith Smith be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Keith Smith may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Keith Smith by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Keith Smith's activities and relevant conduct with respect to this case.

Stipulations

This Office and Keith Smith agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Keith Smith from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Keith Smith waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will

bring this agreement to the attention of other prosecuting offices, if requested to do so.

Keith Smith understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice that he has received from his counsel or others regarding those consequences. Accordingly, Keith Smith waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Keith Smith. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Keith Smith.

No Other Promises

This agreement constitutes the plea agreement between Keith Smith and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDRÉ M. ESPINOSA
Assistant U.S. Attorney

APPROVED:

Sabrina G. Comizzoli
Unit Chief, Criminal Division

I have received this letter from my attorney, Timothy M. Donohue, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

*[signature]* Date: 3/15/2010
Keith Smith

*[signature]* Date: Stacy Biancamano
~~Timothy M. Donohue,~~ Esq. March 15, 2010
Counsel for Keith Smith

<u>Plea Agreement With Keith Smith</u>

<u>Schedule A</u>

    1.  This Office and Keith Smith recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Keith Smith nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Keith Smith within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Keith Smith further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

    2.  The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.  The applicable guideline for the violation of 18 U.S.C. § 1029(b)(2) is U.S.S.G. § 2B1.1.  Under U.S.S.G. § 2B1.1(a)(2), this guideline carries a Base Offense Level of 6.

    3.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies in that the offense involved a loss amount of more than $400,000.  This Specific Offense Characteristic results in an increase of 14 levels.

    4.  The Guidelines offense level applicable to Keith Smith's violation of 18 U.S.C. § 1029(b)(2) is thus 20.

    5.  As of the date of this letter, Keith Smith has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Keith Smith's acceptance of responsibility continues through the date of sentencing.  <u>See</u> U.S.S.G. § 3E1.1(a).

    6.  As of the date of this letter, Keith Smith has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If Keith Smith enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Keith Smith's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Keith Smith will be entitled to a further 1-

point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Keith Smith is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that Keith Smith may seek and argue for a downward departure on the basis of his mental and emotional condition at the time of the offense, pursuant to U.S.S.G. § 5K2.0(a)(4). The parties further agree that the United States may seek and argue for an upward departure on any basis supported by the law.

9. Keith Smith knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.